**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**ALFORD K. HOWARD**                                                            **PLAINTIFF**

**VS.**                                                  **CAUSE NO. 2:06CV132-GHD-EMB**

**DESOTO COUNTY SHERIFF'S DEPT. ET AL.**                  **DEFENDANTS**

## REPORT AND RECOMMENDATION

**UPON FURTHER REVIEW** of the file and record of this action, by Order [doc. 6] dated August 25, 2006, Plaintiff was granted leave to proceed *in forma pauperis* with this action filed pursuant to 42 U.S.C. § 1983. Then, by Order [doc. 14] dated December 1, 2006, the Clerk was directed to issue process for Defendants Deputy Riley, Deputy Lampkin and Deputy Sowell. On December 4, 2006, the Clerk issued summonses [docs. 15, 16 & 17] for these defendants to be served by the U.S. Marshal at the addresses provided by Plaintiff. On January 18, 2007, the summonses for Deputy Riley and Deputy Lampkin were returned unexecuted. *See* Docket Entry Nos. 23 & 24. The process returns indicate that said defendants are no longer located at the addresses provided by Plaintiff. On February 27, 2007, the Clerk issued a notice of incomplete service of process with respect to Riley and Lampkin. *See* Docket Entry No. 29. To date, these defendants have not been served with process.

It has been more than five months since notice of the failed attempts at service of process upon Defendants Riley and Lampkin. And, there is no record the Plaintiff has made any attempt to provide good address information for Defendants to the Clerk, nor has he sought additional time for service. Based on this, it is my recommendation that Defendants Riley and Lampkin be dismissed without prejudice from this lawsuit.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event

any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 6th day of July, 2007.

/s/   Eugene M. Bogen
UNITED STATES MAGISTRATE JUDGE